# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EZEADIGO C. ODUCHE-NWAKAIHE,

    Plaintiff,

       v.

ROBERT McLAUGHLIN, et al.,

    Defendants.

NO. 3:09-cv-1223

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court are the Motion For Leave to Proceed *In Forma Pauperis* ("IFP motion"), Motion for Summary Judgment, and Motion to Appoint Counsel filed by Plaintiff Ezeadigo C. Oduche-Nwakaihe ("Oduche").

Pursuant to 28 U.S.C. § 1915(g), "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [regarding IFP status] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A district court need not "accept any and all allegations of injury as sufficient to forestall the application of 28 U.S.C. § 1915(g)." *Gibbs v. Roman*, 160 F.3d 962, 967 (3d Cir. 1998). District courts need not credit "irrational or wholly incredible" or "clearly baseless" factual allegations. *Id*.

In his IFP Motion, Oduche admits that he has previously had three (3) or more actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. (Doc. 8.) However, he alleges that he is in imminent danger of serious physical injury "[b]ased on the fact that I'm sueing (sic) the facility they retaliate by doing things like

putting me in the hole and writing me up for unjustified reason's (sic)." Nothing in Oduche's Complaint alleges that he has been abused physically or was under imminent danger of physical injury at the time he filed his Complaint.

In the instant case, the allegation that unjustified write-ups cause imminent danger of serious physical injury is precisely the type of "clearly baseless" claim that was envisioned by the Third Circuit Court of Appeals in *Gibbs*. Furthermore, an allegation that being put in "the hole" (ostensibly some sort of solitary confinement or restricted housing), without more, does not rise to the level of causing imminent and serious danger to Oduche's physical well-being. *See*, *e.g.*, *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (holding that spraying inmate with pepper spray on one occasion without further incidents does not create imminent danger of serious physical injury). Therefore, Oduche's IFP motion will be denied because he has already had three (3) or more actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted and is not in imminent danger of serious physical injury. Because Oduche's IFP motion will be denied, the Motion for Summary Judgment and Motion to Appoint Counsel will be denied as moot.

**NOW**, this __9th__ day of February, 2010, **IT IS HEREBY ORDERED** that:

1) Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) is **DENIED**.

2) Plaintiff's Motion for Summary Judgment (Doc. 2) is **DENIED as moot.**

3) Plaintiff's Motion to Appoint Counsel (Doc. 5) is **DENIED as moot.**

4) The Clerk of Court shall mark this case as **CLOSED**.

                                  /s/ A. Richard Caputo
                                  A. Richard Caputo
                                  United States District Judge